IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

CIVIL CASE NO.: 1:24-cv-00004

CD PARADISE HOLDINGS, LLLP,

    Plaintiff,

v.

STEPHEN ISA MUSHAHWAR,
PHILLIP G. CHESSON, CHESSON
GROUP, LLC, NAHAKAMA, LLC,
NAHA HEALTH, LLC, ROBIN
CROSSMAN, GEORGE S.
BERNARDICH AND DEECHIE
VENTURES LLC,

    Defendants.

---

**DEFENDANTS PHILLIP G. CHESSON, CHESSON
GROUP, LLC, AND ROBIN CROSSMAN'S
NOTICE OF REMOVAL**

---

Without submitting to the jurisdiction of this Court and without waiving any available defenses, Defendants PHILLIP G. CHESSON, CHESSON GROUP, LLC, and ROBIN CROSSMAN (collectively, the "Defendants") file this Notice of Removal from the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, to the District Court of the Virgin Islands, Division of St. Thomas and St. John, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1] Removal is appropriate under 28 U.S.C. § 1441(b) because this is an apparent diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Defendants state as follows:

---

[1] By removing this action to this Court, no Defendant waives any defenses, objections, or motions available under territorial or federal law. Defendants expressly reserve the right to move to dismiss Plaintiff's suit in whole or in part on any of the grounds listed in Rule 12(b).

## I.  NATURE OF THE CASE

1. On December 5, 2023, Plaintiff CD PARADISE HOLDINGS, LLLP filed a civil action in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, styled *CD Paradise Holdings, LLLP v. Stephen Isa Mushahwar, Phillip G. Chesson, Chesson Group, LLC, Nahakama, LLC, Naha Health, LLC, Robin Crossman, George S. Bernardich and Deechie Ventures LLC*, case number ST-2023-CV-00439. *See generally* Complaint ("Compl."), attached hereto as part of composite **Exhibit A**.

2. In its Complaint, Plaintiff asserts various claims against the defendants for breach contract, fraud, fraudulent transfer, and unjust enrichment. *See, generally*, Compl.

3. According to the return of summons filed by Plaintiff, Stephen Isa Mushahwar was served with Plaintiff's Summons and Complaint on January 5, 2024.

4. According to the return of summons filed by Plaintiff, Phillip G. Chesson was served with Plaintiff's Summons and Complaint on January 8, 2024.

5. According to the return of summons filed by Plaintiff, Chesson Group, LLC was served with Plaintiff's Summons and Complaint on January 8, 2024.

6. According to the return of summons filed by Plaintiff, Nahakama, LLC was served with Plaintiff's Summons and Complaint on January 10, 2024.

7. According to the return of summons filed by Plaintiff, Naha Health, LLC was served with Plaintiff's Summons and Complaint on January 6, 2024.

8. According to the return of summons filed by Plaintiff, Robin Crossman was served with Plaintiff's Summons and Complaint on January 8, 2024.

9. According to the return of summons filed by Plaintiff, George S. Bernardich was served with Plaintiff's Summons and Complaint on January 10, 2024.

10. According to the return of summons filed by Plaintiff, Deechie Ventures LLC was served with Plaintiff's Summons and Complaint on January 10, 2024.

## II. NOTICE OF REMOVAL IS TIMELY

11. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it was filed within 30 days of notice of the Superior Court civil action by "service or otherwise" on the Defendants.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

12. This suit is an action over which this Court would have original jurisdiction under the provisions of 28 U.S.C. § 1332 and, therefore, one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

13. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States . . . " 28 U.S.C. § 1332(a)(1).

14. As explained below, this action may be removed to this Court pursuant to 28 U.S.C. § 1332 because Plaintiff is apparently a citizen of the Virgin Islands based on Defendants' investigation to date; Defendants are all citizens of the State of Florida; and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

15. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this Court has "original

3

jurisdiction" over this action under 28 U.S.C. § 1332, the case may be removed pursuant to 28 U.S.C. § 1441.

16. When determining the citizenship of unincorporated associations (like limited liability companies), "courts . . . look to the citizenship of all the . . . members of . . . [the] unincorporated association[] to determine whether the federal district court has diversity jurisdiction." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citations omitted). "In the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." *Id*. at 183. Significantly, "as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F. 3d 412, 420 (3d Cir. 2010)) (citation omitted). For purposes of diversity jurisdiction, "the citizenship of a traditional trust is based only on the citizenship of its trustee," and not on the citizenship of the beneficiaries. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 32 (3d Cir. Apr. 19, 2018).

  **A.**  <u>**Diversity of Citizenship Exists Among The Parties**</u>

17. Plaintiff alleges that it is

> a Limited Liability Limited Partnership formed under the laws of the U.S. Virgin Islands, with its principal place of business in St. Thomas, Virgin Islands, which operates through its General Partner, CD Paradise Islands GP, LLC, a Virgin Islands limited liability company with members that are resident or organized under the laws of the U.S. Virgin Islands and the State of Florida. Dale Schmidt, as Trustee of the Cheryl Hagley Irrevocable Trust u/a/d 10/01/12, is the Managing Member of CD Paradise Islands GP.

Compl. ¶ 1 (Exhibit A). Dale Schmidt is a resident of St. Thomas, U.S. Virgin Islands. Compl. ¶ 13 (Exhibit A). While Plaintiff vaguely alleges that its General Partner's members "are resident or

4

organized under the laws of the U.S. Virgin Islands and the State of Florida," it does not specify whether those members are individuals or other entities, and, if the latter, the identity and citizenship of the members of such entities. *See, Swiger*, 540 F.3d at 182 (the citizenship of the members of an LLC determines whether a federal district court has diversity jurisdiction, not where the LLC is organized). Based on Defendants' investigation to date, they have discovered no partners of Plaintiff that are citizens of the State of Florida or that can be traced to a citizen of the State of Florida.

18. Plaintiff alleges that Stephen Isa Mushahwar is an individual resident and citizen of Pinellas County, Florida. Compl. ¶ 3 (Exhibit A). This Defendant is therefore a citizen of Florida for purposes of diversity jurisdiction.

19. Plaintiff alleges that Phillip G. Chesson is an individual resident and citizen of Pinellas County, Florida. Compl. ¶ 4 (Exhibit A). This Defendant is therefore a citizen of Florida for purposes of diversity jurisdiction.

20. Plaintiff alleges that George S. Bernardich is an individual resident and citizen of Pinellas County, Florida. Compl. ¶ 5 (Exhibit A). This Defendant is therefore a citizen of Florida for purposes of diversity jurisdiction.

21. Plaintiff alleges that:

> Nahakama is a Florida Limited Liability Company with its principal place of business in Pinellas County, Florida. Nahakama was formed by Mushahwar and Chesson and is controlled by Mushahwar, Chesson, and Bernardich, who serves as Nahakama's secretary and treasurer.

Compl. ¶ 6 (Exhibit A). Nahakama's sole member is Stephen Isa Mushahwar, who is a resident of Florida. Because Nahakama is a limited liability company and takes the citizenship of its member, this Defendant is therefore a citizen of Florida for purposes of diversity jurisdiction.

22. Plaintiff alleges that:

> Naha Health LLC is a Delaware limited liability company, registered to do business in the State of Florida, with its principal place of business in St. Petersburg, Florida. Naha Health is managed by Nahakama, LLC.

Compl. ¶ 7 (Exhibit A). Naha Health's sole member is Nahakama Group, LLC. Nahakama Group's members are Robin Crossman and Nahakama, which company is wholly owned by Stephen Isa Mushahwar. Robin Crossman and Stephen Isa Mushahwar are residents of Florida. Because Naha Health is a limited liability company and takes the citizenship of its members, this Defendant is therefore a citizen of Florida for purposes of diversity jurisdiction.

23. Plaintiff alleges that:

> Chesson Group is a Florida Limited Liability Company with its principal place of business in Pinellas County, Florida, owned and controlled by Chesson.

Compl. ¶ 8 (Exhibit A). Chesson Group's sole member is Phillip G. Chesson, who is a resident of Florida. Because Chesson Group is a limited liability company and takes the citizenship of its member, this Defendant is therefore a citizen of Florida for purposes of diversity jurisdiction.

24. Plaintiff alleges that Robin Crossman is an individual citizen and resident of Pinellas County, Florida. Compl. ¶ 9 (Exhibit A). This Defendant is therefore a citizen of Florida for purposes of diversity jurisdiction.

25. Plaintiff alleges that Deechie Ventures is a Florida Limited Liability Company with its principal place of business in Pinellas County, Florida, owned or controlled by Bernardich. Compl. ¶ 10 (Exhibit A). Deechie Ventures' sole member is George S. Bernardich, who is a resident of Florida. Because Deechie Ventures is a limited liability company and takes the citizenship of its member, this Defendant is therefore a citizen of Florida for purposes of diversity jurisdiction.

26. Accordingly, diversity of citizenship apparently exists between Plaintiff and Defendants and this case is removable to this Court.

B. **The Amount In Controversy Requirement Is Satisfied**

27. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), Defendants assert that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."). The Third Circuit has explained that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

28. Here, the allegations relating to Plaintiff's alleged damages suggest that the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff's Complaint generally alleges millions of dollars in investment losses. Specifically, for example, Count One alleges damages of $30,023,992.00 and Count Two alleges damages of $5,000,000.00. Compl. ¶¶ 57-74 (Exhibit A).

29. In sum, while Defendants deny Plaintiff's allegations and reserve all defenses with respect to the same, the Complaint on its face places at issue more than $75,000, exclusive of interest and costs, and therefore exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

IV. **CONSENT TO REMOVAL**

30. Defendants Phillip G. Chesson, Chesson Group, LLC, and Robin Crossman herein jointly notice the removal of this action to federal court, and, by the signatures of their counsel below, each consent to the removal of this action to federal court (while preserving all possible defenses, including lack of personal jurisdiction).

31. Defendant Stephen Isa Mushahwar separately consents in writing to the removal of this action to federal court. *See* **Exhibit B** hereto.

32. Defendant Nahakama, LLC separately consents in writing to the removal of this action to federal court. *See* **Exhibit C** hereto.

33. Defendant Naha Health, LLC separately consents in writing to the removal of this action to federal court. *See* **Exhibit D** hereto.

34. Defendant George S. Bernardich separately consents in writing to the removal of this action to federal court. *See* **Exhibit E** hereto.

35. Defendant Deechie Ventures LLC separately consents in writing to the removal of this action to federal court. *See* **Exhibit F** hereto.

V. **VENUE IS PROPER**

36. The District Court of the Virgin Islands is the federal district encompassing the Superior Court of the Virgin Islands (Division of St. Thomas & St. John), where this suit was originally filed. This action is therefore being removed to the District Court for the district embracing the place where the action is pending, in accordance with 28 U.S.C. § 1441(a).

VI. **NOTICE OF REMOVAL TO ALL PARTIES AND STATE COURT AND COPIES OF ALL PLEADINGS**

37. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be provided promptly to Plaintiff as of the date of this filing.

38. Pursuant to 28 U.S.C. § 1446(d), Defendants will file this notice of removal with the Superior Court of the Virgin Islands (Division of St. Thomas & St. John). *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

39.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and Orders filed in this cause are attached hereto as composite **Exhibit A**.

## VII.    PRESERVATION OF ALL DEFENSES

40.     By removing this matter, Defendants do not waive or intend to waive any defense, including but not limited to improper venue, personal jurisdiction, insufficiency of process, insufficiency of service of process, untimely service of process, statute of limitations, or any other defenses cognizable under Federal Rule of Civil Procedure 4, 8, 9, 12, 38, 39, 56 or any other procedural rule, contractual provision or substantive law.

## VIII.   CONCLUSION

41.     Based on Defendants' investigation to date, this case is properly removable under 28 U.S.C. § 1441.

WHEREFORE, Defendants PHILLIP G. CHESSON, CHESSON GROUP, LLC, and ROBIN CROSSMAN hereby give notice that the matter styled *CD Paradise Holdings, LLLP v. Stephen Isa Mushahwar, et al.*, ST-2023-CV-00439, is removed to the District Court of the Virgin Islands, Division of St. Thomas & St. John.

Dated: February 7, 2024                                Respectfully Submitted:

*/s/ Kyle R. Waldner*
Kyle R. Waldner, Esq.
kwaldner@wlawvi.com
V.I. Bar No.: 1038
Waldner Law, P.C.
1026 Norre Gade (mailing)
24b Norre Gade (physical)
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802

*Counsel for Defendants Phillip G. Chesson, Chesson Group, LLC, and Robin Crossman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2024, I filed the foregoing Notice of Removal with the Clerk of the Court using the Court's CM/ECF system, and served a copy of this filing by email to the following counsel of record in the removed action, who have not yet entered an appearance before this Court:

    Carol Ann Rich, Esq.
    crich@dudleylaw.com
    Gregory Adam Thorp, Esq.
    athorp@dudleylaw.com
    DUDLEY RICH LLP
    5194 Dronningens Gade, Suite 3
    St. Thomas, V.I. 00802

                                                      */s/ Kyle R. Waldner*
                                                      Kyle R. Waldner, Esq.